﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/25/19

DOCKET NO. 180928-1339
DATE: June 25, 2019

ORDER

Entitlement to service connection for tinnitus is granted.

REMANDED

Entitlement to service connection for hearing loss is remanded.

FINDING OF FACT

The evidence is at least in equipoise as to whether the Veteran’s tinnitus is related to his active service.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5103, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.385 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from April 1966 to April 1969.

The Veteran selected the Higher Level Review lane when he opted in to the AMA review system by submitting a RAMP election form. Accordingly, the August 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the August 2018 AMA decision, the AOJ did not make a formal finding as to whether new and relevant evidence was submitted, but did proceed to deny both claims for service connection on the merits. As such, the AOJ implicitly presumed new and relevant evidence was submitted to warrant readjudicating the claims for service connection for bilateral hearing loss and tinnitus. The Board notes that it is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). 

Entitlement to service connection for tinnitus.

The Veteran contends that his tinnitus was caused by or is otherwise related to his exposure to acoustic trauma while on active duty. The Board concludes that the Veteran has a current diagnosis of tinnitus that is related to his active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

Generally, to establish service connection a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303 (d).

The Board notes that in the August 2018 AMA decision, the AOJ found that the Veteran has a current diagnosis of tinnitus. As such, the Board notes is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). 

In his January 2006 application for compensation, the Veteran asserted 1966 as the date when his tinnitus began.

The Veteran was afforded a VA audio examination in January 2007. The veteran reported being exposed to noise from artillery and heavy equipment while in the combat engineers. Bilateral, moderate to severe, flat, sensorineural hearing loss was diagnosed. The examiner opined that, with normal hearing at discharge and a flat configuration to this hearing loss, "which would indicate other physiological processes are contributing to the loss," it is unlikely this hearing loss is related to the service. The Veteran stated that he did not remember when it began, but described a "gradual onset" of tinnitus "sometime after the service." The examiner then noted that tinnitus likely has the same etiology as the hearing loss and is less than likely related to the service. The Board notes that the examiner’s rationale as to the likely etiology of the Veteran’s hearing loss and tinnitus is confusing as the word “contributing” implies that the other physiological processes, which the examiner did not identify, are not the only factor in the Veteran’s claimed disabilities. As such, this opinion is of no probative value.

In a September 2008 statement in support of claim, the Veteran stated that his tinnitus started shortly after his return from Vietnam. 

In his June 2015 Appeal to the Board, the Veteran stated that his hearing loss and tinnitus started in Vietnam and that his "job was around heavy equipment and artillery [with] no hearing protection."

The Board notes that the Veteran’s DD Form 214 shows that the Veteran’s Military occupational Specialty (MOS) was wheeled vehicle repairman which the Department of Defense has classified as having a high probability of excessive noise exposure. Furthermore, the Veteran was awarded the Vietnam Service Medal, the Republic of Vietnam Campaign Medal with 1960 Device and 2 Overseas Service Bars (RVN). Here, the Board finds the Veteran’s lay statements regarding exposure to acoustic trauma to be credible and concedes the Veteran’s exposure to acoustic trauma. 

When a condition may be diagnosed by its unique and readily identifiable features, as is the case with tinnitus, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 305 (2007). When a claim involves a diagnosis based on purely subjective complaints, the Board is within its province to weigh the Veteran's testimony and determine whether it supports a finding of service incurrence and continued symptoms since service. Id. If it does, such testimony is sufficient to establish service connection. Id.

Here, the Board has conceded that the Veteran was exposed to loud noises while in the service and the Veteran has credibly stated that he first experienced ringing in his ears in service. The Board finds that the evidence is at least in equipoise as to whether the Veteran's current tinnitus is related to his military service. The benefit of the doubt rule is therefore for application. See 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2017).

REASONS FOR REMAND

Entitlement to service connection for hearing loss is remanded.

After reviewing the record, the Board finds that the AOJ committed a pre-decisional error in that it did not provide the Veteran with an adequate VA examination for his claimed bilateral hearing loss. As discussed above, the January 2007 VA examination is inadequate in that the examiner’s rationale as to the likely etiology of the Veteran’s hearing loss and tinnitus is confusing as the word “contributing” implies that the other physiological processes, which the examiner did not identify, are not the only factor in the Veteran’s claimed disabilities. Furthermore, the examiner relied heavily on the lack of documented hearing loss in service. In Stefl v. Nicholson, 21 Vet. App. 120 (2007), the United States Court of Appeals for Veterans Claims (Court) found that, "[w]ithout a medical opinion that clearly addresses the relevant facts and medical science, the Board is left to rely on its own lay opinion, which it is forbidden from doing." 

For the above reasons, remand for a new VA examination is warranted.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of the Veteran’s diagnosed bilateral hearing loss. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including conceded exposure to acoustic trauma. 

The examiner must opine as to whether it at least as likely as not (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service.

All opinions provided must be thoroughly explained, and a complete and detailed rationale for any conclusions reached should be provided (a bare conclusory statement will be deemed inadequate). The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. 

It is not sufficient to base an opinion on a mere lack of documentation of complaints in the service or post-service treatment records. 

2. After completing the above actions and any other necessary development, the claim must be readjudicated.

 

C. TRUEBA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. P. Keeley, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.